**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JADE JOHNSON,

           Plaintiff.

         v.

RUSH UNIVERSITY MEDICAL CENTER,

           Defendant.

Case No. 26-cv-7827

## <u>COMPLAINT</u>

NOW COMES Plaintiff, JADE JOHNSON, by and through her counsel, Jeffrey Law Office, LLC, and complains of Defendant, RUSH UNIVERSITY MEDICAL CENTER, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq. and 28 U.S.C. § 1331. This Court has jurisdiction of the state law whistleblower act claim pursuant to 28 U.S.C. §1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

1

2.     Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and is employed by Defendant in this District.

## PARTIES

3.     Plaintiff, JADE JOHNSON ("Plaintiff"), was at all times relevant to this suit an adult African-American female residing in Elmhurst, Illinois. At all times relevant, Plaintiff was employed by Defendant Rush University Medical Center in this District. Plaintiff was hired, employed, and harmed by Defendant in this District.

4.     Defendant, RUSH UNIVERSITY MEDICAL CENTER ("Defendant"), is an duly organized and doing business in Illinois, located at 1620 W. Harrison Street, Chicago, IL 60612. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, and harmed Plaintiff in this District.  Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On December 16, 2025, Plaintiff timely filed a Charge of Discrimination alleging race and sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2026-02347.

6.     On April 8, 2026, the EEOC issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2026-02347.

7.     Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is African-American.

9. Plaintiff's sex is female.

10. In or about 2018, Plaintiff was hired by Rush University Medical Center ("Defendant"). In August/September 2022, Plaintiff was transitioned to Program Coordinator for Health Equity Care and Analytics Program ("HECAP").

11. Defendant was apprised of Plaintiff's race and sex.

12. At all times relevant to this Charge, and since being hired by Defendant, Plaintiff has always performed her job satisfactorily and within Defendant's legitimate expectation.

13. At all times relevant hereto, Katherine Koo was Plaintiff's direct supervisor. Koo reported to Chief Innovation Officer, Anil Saldanha.

14. From May 2023 until the time Plaintiff's employment was terminated by Defendant, Anil Saldanha discriminated against her because of her Race (Black) and her Sex (Female).

15. For instance, during a meeting, he stated to Plaintiff: "you need to watch what you say and how you say things as a Black woman because it can be taken in a negative and aggressive way."

16. Not only did he make such discriminatory remarks, but Anil would also assign personal tasks to Plaintiff that were outside the scope her work duties or projects, which was not done to her similarly situated White counterparts. Plaintiff reported this conduct to Supervisor Katherine Koo and Principal Investigator of HECAP, Michael Cui.

3

17. Shortly thereafter, in retaliatory fashion, Anil began exhibiting hostile behavior towards Plaintiff, establishing a pattern of aggression, dismissive conduct, and unprofessional interactions, which occurred until her termination in October 2025.

18. Anil also blocked Plaintiff from being promoted to a Project Manager position and Operational Manager position, while her Male counterparts were promoted.

19. On or about March 27, 2025, Plaintiff reported discrimination and retaliation to Ryan Rogers of Defendant's Employee Relations.

20. Plaintiff also participated in an investigation as a witness to another employee's complaint; and Plaintiff raised the concern about Anil's HIPAA record violation as he allowed his daughter (who was not training and/or on staff at Defendant) to perform certain tasks on-site with patients.

21. Immediately, the harassment by Anil escalated, including leaving Plaintiff off communications necessary to perform her job, and making harsh comments, etc.

22. On April 21, 2025, Plaintiff complained to Ryan Rogers about the retaliation she had been experiencing from Anil, to no avail.

23. On August 14, 2025, Plaintiff complained to Human Resources, including complaints of discrimination, retaliation, and hostile work environment.

24. On August 18, 2025, after not receiving a response, Plaintiff followed up and eventually spoke to HR Representative Erica Carr on August 20, 2025.

25. In late August 2025, the Office of Institutional Equity ("OIE") contacted Plaintiff to gather details regarding her discrimination allegations. Those conversations were had with OIE Counsel, Sharday Shelby Jackson, and administrative staff, Kim Luong.

26. In mid-September, Plaintiff was advised by OIE that her claims were not substantiated, despite there was no evidence that corroborating witnesses had been interviewed.

27. Shortly after, Plaintiff was laid off by Defendant, alleging "funding" as the reason, pretext for the actual discriminatory and retaliatory motive. Thus, multiple team members remained employed.

28. Therefore, because of Plaintiff's race and sex, she was subjected to disparate treatment, discrimination and harassment by Defendant.

29. Further, because Plaintiff reported discrimination, exercising a right and protected activity, she was subjected to escalated disparate treatment, harassment, and ultimately laid off by Defendant.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

30. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

31. Plaintiff, an African-American, is a member of a protected class.

32. Plaintiff was qualified to perform her job and has satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

33. Plaintiff apprised Defendant of her race, African-American.

34. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same and would not have done so had Plaintiff not been African-American and everything else having been the same.

35. White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

36. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

37. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, JADE JOHNSON, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

38.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

39.     Plaintiff, as a Female, is a member of a protected class.

40.     Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

41.     Defendant was aware that Plaintiff is a Female.

42.     Defendant discriminated against Plaintiff because she is a Female by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same and would not have done so had Plaintiff been a Male and everything else having been the same.

43.     Male employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

44.     Plaintiff's sex was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's sex.

45.     Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, JADE JOHNSON, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A.     Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

46. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

47. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

48. Plaintiff (African-American and Female) is a member of a protected class under Title VII.

49. Plaintiff engaged in a Title VII protected activity by reporting discrimination, retaliation and harassment by Defendant.

50. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, due to discriminatory and retaliatory reasons.

51. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported discrimination.

52. Defendant would not have retaliated against Plaintiff had she not reported the discrimination. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

53. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

54. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, JADE JOHNSON, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F.    Award the Plaintiff her reasonable attorney's fees and costs; and

G.    Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT IV – RETALIATION**
**ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/1 et seq.**

55.    Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

56.    At all times relevant to this Complaint, Plaintiff was an employee of Defendant. She performed her job in a satisfactory manner, within legitimate expectations of Defendant.

57.    "An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information . . . if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Illinois Whistleblower Act, 740 ILCS 174/1 et. seq.

58.    "An employer may not retaliate against an employee for disclosing information, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Id.

59.    Ultimately, in retaliation, Defendant harassed and retaliated against Plaintiff, in violation of the Illinois Whistleblower Act.

60.    As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, JADE JOHNSON, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A.      Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

B.      Order Defendant to pay the Plaintiff compensatory damages;

C.      Award Plaintiff pre-judgment and post-judgment interest to which she is entitled;

D.      Award the Plaintiff her reasonable attorney's fees and costs; and

E.      Award such other and further relief as it is just and appropriate, including nominal damages.

Dated:  July 5, 2026

                                       /s     Antonio L. Jeffrey
                                             Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com